UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOE SAMUEL NAULA TENEGUSNIAY,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-09372-DAD-CSK (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 2, 3)

On November 13, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement (“ICE”). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On November 16, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition it had to the court’s stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*) On November 18, 2026, respondent filed combined response to the petition and motion for temporary restraining

order. (Doc. No. 7.) Therein, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). (*Id.* at 1–2.) Respondent has not indicated that it opposes the court ruling on the merits of the underlying petition based on the briefing presently before it, and the court will do so.

Based on the parties' submissions, the court finds the following facts. On or about February 28, 2024, border patrol agents encountered petitioner near the United States–Mexico border and detained him. (Doc. No. 7-1 at 2.) He was subsequently placed into expedited removal proceedings. (*Id.* at 3. ) At some point thereafter, immigration authorities conducted a credible fear interview with him, concluded that petitioner demonstrated a credible fear of persecution or torture if returned to his home country, and placed him into standard removal proceedings (Doc. No. 7-2). Thereafter, petitioner was released from immigration detention into the United States under unknown conditions and remained at liberty for nearly three years. (Doc. No. 1 at 7.) On or about October 19, 2026, ICE agents re-detained petitioner without notice or any opportunity to be heard. (Doc. Nos. 1 at 5; 7-3 at 2.)

The parties' submissions do not provide an exact date of when petitioner was released from custody or whether he was released on parole or his own recognizance. As noted, petitioner was originally placed into expedited removal proceedings then deemed to have demonstrated a credible fear of persecution of torture as reflected on the notice to appear that was issued in 2024. (Doc. No. 7-2 at 1.) At least one court had held that similarly situated petitioners are paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). *Alvarez Gallimore v. Warden*, No. 1:26-cv-04813-DAD-CKD, 2026 WL 2198798, at *3 (E.D. Cal. July 30, 2026) ("On or about August 17, 2019, after Petitioner passed a credible fear interview, ICE issued Petitioner a Notice to Appear and released him. The statutory mechanism for release from detention for an asylum applicant, like Petitioner, who was apprehended at the border is parole pursuant to 8 U.S.C. § 1182(d)(5)(A).") (internal quotation marks and citations omitted), *report and recommendation adopted sub nom. Alvarez Gallimore v. Warden, Mesa Verde Det. Facility*, No. 1:26-cv-04813-DAD-CKD (HC), 2026 WL 2410569 (E.D. Cal. Aug. 18, 2026). However, other courts have resolved petitions involving similarly situated petitioners who were subsequently released into the

United States on their own recognizance. *Z.T. v. Warden, Cent. Valley Annex*, No. 1:26-cv-08231-TLN-JDP, 2026 WL 3121044, at *1 (E.D. Cal. Oct. 19, 2026) ("Petitioner is a noncitizen who entered the United States on or about March 21, 2021. He was detained by U.S. Border Patrol agents and placed into expedited removal proceedings. After expressing fear of returning to his native country, which was found credible, he was issued a Notice to Appear in immigration court, and released under an Order of Release on Recognizance.").

In any event, petitioner was clearly released from immigration detention in 2024 and remained at liberty for a period of time before his re-detention. "[E]ven assuming that petitioner is currently detained under 8 U.S.C. § 1225(b)(1)(B)(ii) as respondent asserts, it is undisputed that petitioner was subsequently released after his []entry and resided in the United States until his current re-detention." *Id.* at *3. The undersigned has previously held that a petitioner who is re-detained without notice or a pre-detention hearing is entitled to release on due process grounds. *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5 (E.D. Cal. Dec. 9, 2025) (reaching this conclusion for a petitioner who was originally paroled into the United States pursuant to § 1182(d)(5)); *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025) (reaching the same conclusion for a petitioner who was originally released on his own recognizance). Thus, regardless of the circumstances under which petitioner was released into this country, his re-detention without notice or a pre-detention hearing violates due process. Accordingly, the court will grant the petition and order immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Noe Samuel Naula Tenegusniay, A-File No. 240-539-993, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose absent exigent circumstances without notice and a hearing

before an immigration judge where respondent will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

2. Petitioner's motions for temporary restraining order and to appoint counsel (Doc. Nos. 2, 3) are DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

.